*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASMINE MONYA MCDANIEL,

      Plaintiff-Appellant,

v

VICTOR L. CASSAR MANAGEMENT, LLC,

      Defendant-Appellee

and

WOODHAVEN SQUARE APARTMENTS and
VICTOR L. CASSAR FAMILY LIMITED
PARTNERSHIP,

      Defendants.

UNPUBLISHED
May 28, 2020

No. 348274
Wayne Circuit Court
LC No. 17-014904-NO

Before: JANSEN, P.J., and METER and CAMERON, JJ.

METER, J. (*concurring*).

I concur in all aspects of the majority opinion, but write separately because I believe that the facts relevant to the issue of notice will become relevant to the issue of causation. At plaintiff's deposition, she testified that she only observed that a portion of the wall was leaning after a separate portion of the wall fell:

> *Q.* Okay. Did you ever observe any problems at the apartment complex with any walls?
>
> *A.* No. Not until after the incident.
>
>     * * *
>
> *Q.* What did you notice?
>
> *A.* That farther down that they had some that was leaning.

*  *  *

> *Q.* Okay, and you said that there was some other spot in the complex where the wall was leaning?
>
> *A.* Yes.
>
> *Q.* I got [you]. You never noticed that this particular wall was leaning before it fell?
>
> *A.* No.

Similarly, Lynch and LaFreniere did not know if the wall was leaning before it fell, and Cassar had not inspected the wall prior to its collapse. Only Killingback testified that she observed that a portion of the retaining wall was leaning before a separate portion of the wall fell:

> *Q.* Did you very frequently see the wall during this month of March of 2017?
>
> *A.* Yes.
>
> *Q.* Was the wall leaning in any way, shape or form?
>
> *A.* Not in that section, no.
>
> *Q.* But in the other sections were they?
>
> *A.* I've seen it leaning way down at the other end. Not at my end, because I sometimes park over there. So, no. Not at my end.

As the majority notes, the leaning portion of the wall, and the relevant witnesses' knowledge of it, established a question of fact whether defendant had notice of the deteriorated condition of the wall, which resulted in an unreasonably dangerous condition. I write separately to raise the issue of whether an unreasonably dangerous condition, which, according to the various witnesses' testimony, was only visible in an area of the wall that did not fall, could have caused the section of the wall to fall on plaintiff.

If the section of the wall that Killingback noticed was leaning had fallen, there would be no issue in establishing causation. However, I believe that plaintiff may face an issue in establishing causation because the only portion of the wall that was observed to be leaning before plaintiff's injury was, according to Killingback, "way down at the other end" of the 300- to 500-foot-long wall. Did the unreasonably dangerous condition "way down at the other end" of the wall cause a separate segment of wall to collapse? Or, was the unreasonably dangerous condition of deterioration pervasive throughout the entire length of the wall? I raise these questions without deciding them because the issue of causation is not before this Court, and I therefore leave the parties to address the issue on remand.

/s/ Patrick M. Meter